# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| CARLESE J. HALL, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 7:19-cv-01252-KOB-HNJ |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

On October 30, 2020, the magistrate judge filed a report recommending this action be dismissed without prejudice for lack of subject-matter jurisdiction. (Doc. 19). The plaintiff has filed objections to the report and recommendation. (Docs. 20 & 21).[1]

In her objections, the plaintiff once again declares that this action, filed pursuant to the Federal Tort Claims Act ("FTCA"), claims that the United States "deprived her of her right to be free from cruel and unusual punishment" by 1) "deliberately and intentionally failing to diagnose and treat the symptoms of her obstructive sleep apnea, a serious medical condition" and 2) failing "to appropriately hire and train its subordinates at the Bureau of Prisons." (Doc. 20 at 2). She insists

---

[1] Though the magistrate judge instructed the plaintiff against doing so (doc. 18 at 2 n.1), she has objected to the report and recommendation *and* requested reconsideration of an order denying leave to amend her complaint within the same document. Accordingly, the court shall resolve the plaintiff's motion for reconsideration in a separate order.

the court may adjudicate these claims "under the umbrella of the FTCA, 28 U.S.C. 2671, *et. seq.*," against "the Public Health Service and its commissioned officers" while simultaneously insisting that "her claims are not cognizable under 1346(b)(1)." (*Id.* at 2, 8).

The plaintiff's objection is **OVERRULED**. Title 42 U.S.C. § 233(a) applies to "any commissioned officer or employee of the Public Health Service" and provides that:

> "[t]he remedy *against the United States* provided by sections 1346(b) and 2672 of title 28 ... for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, *shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee* (or his estate) whose act or omission gave rise to the claim." § 233(a) (emphasis added).

*Hui v. Castaneda*, 559 U.S. 799, 805 (2010). As stated by the Supreme Court in *Simmons v. Himmelreich*,--- U.S.---, 136 S. Ct. 1843, 1846 (2016):

> The FTCA's provisions are contained in two areas of the United States Code. One, 28 U.S.C. § 1346(b), gives federal district courts exclusive jurisdiction over tort claims against the United States for the acts of its employees,"[s]ubject to the provisions of chapter 171" of Title 28. Chapter 171, in turn, is labeled "Tort Claims Procedure" and comprises the remaining provisions of the FTCA. §§ 2671–2680.

Because "the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims," *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994), the plaintiff's constitutional claims warrant dismissal for lack of subject-matter jurisdiction.

The plaintiff also objects to the dismissal of this action on the basis of the following sentences in her supplemental complaint: "[T]he Defendant . . . failed to appropriately hire and train its subordinates. Thus, the Constitutional claim (to wit: Eighth Amendment violations for cruel and unusual punishment) are not the only contentions made in her complaint." (Doc. 13 at 2). However, even if the court construes the terms 'failed to appropriately hire,' etc., as an attempt to state a negligent hiring and retention claim under Alabama law for the unconstitutional acts of subordinates, the plaintiff cannot maintain such a claim. "In order to establish a claim against an employer for negligent supervision, training, and/or retention" under Alabama law, "the plaintiff must establish that the allegedly incompetent employee committed a *common-law*, *Alabama tort*." See *Hand v. Univ. of Alabama Bd. of Trustees*, 304 F. Supp. 3d 1173, 1182–84 (N.D. Ala. 2018) (citing *Thrasher v. Ivan Leonard Chevrolet, Inc.*, 195 F. Supp. 2d 1314, 1320 (N.D. Ala. 2002) (emphasis supplied)). Because Alabama law does not recognize a tort claim for deliberate indifference to a serious medical need, the plaintiff's negligent hiring and training claim fails to state a claim upon which relief can be granted.

Furthermore, the plaintiff has presented no factual allegations suggesting her negligent hiring and training claim is not barred by the "'discretionary function' exception" to the Government's waiver of sovereign immunity under the FTCA. *United States v. Gaubert*, 499 U.S. 315, 322 (1991) (citing 28 U.S.C. § 2680). As the Eleventh Circuit explained:

> The discretionary-function exception provides that, notwithstanding § 1346(b), the United States preserves its sovereign immunity as to "[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a) (emphasis added). "[T]he purpose of the exception is to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Gaubert*, 499 U.S. at 323, 111 S. Ct. at 1273 (quotation marks omitted).

*Foster Logging, Inc. v. United States*, 973 F.3d 1152, 1157 (11th Cir. 2020).

While 18 U.S.C. § 4042 "imposes on the BOP a general duty of care to safeguard prisoners, the BOP *retains sufficient discretion* in the means it may use to fulfill that duty to trigger the discretionary function exception." *Cohen v. United States*, 151 F.3d 1338, 1342 (11th Cir. 1998) (emphasis added). "Therefore, implementation of health and medical care duties is left to the discretion or judgment of the BOP . . . . [N]o federal statutes or regulations prescribe the method or policy by which the BOP enters into contracts, monitors such contracts, or screens and trains contracting medical personnel." *Rodriguez United States*, 2016 WL 4480761, at *8 (M.D. Pa. Aug. 23, 2016). Therefore, the discretionary function exception

4

applies to the negligent hiring and supervision claim, and thus, such claim also warrants dismissal for lack of subject-matter jurisdiction. *Cohen*, 151 F.3d at 1340–41.

Next, the plaintiff proclaims that the magistrate judge "continuously attempts to recharacterize her claims as a *Bivens*-type remedy." (Doc. 20 at 7). Not so. The plaintiff repeatedly refused and objected to the many opportunities the magistrate judge afforded her to ground the claims she raised in this FTCA action against the United States on any legal theory other than Eighth Amendment deliberate indifference to her alleged sleep apnea. [2]

---

[2] On December 3, 2019, the magistrate judge entered an order in which he explained at length to the plaintiff that she could not raise constitutional claims pursuant to the FTCA and notified her that the initial complaint failed to state any claims for relief. (Doc. 11). The magistrate judge ordered the plaintiff to file an amended complaint and directed her to "name as defendant(s) only the person(s) who violated her constitutional rights and/or the entity she contends committed negligence. . . . [S]he must state clearly how each named defendant violated her constitutional rights and/or committed negligence" and set forth the facts to support her claims against each defendant. (*Id*. at 5). The plaintiff refused and resubmitted her original complaint. (Doc. 12). Shortly thereafter, the plaintiff moved to supplement her complaint to allege she was continuing to suffer from sleep apnea symptoms and affirmed the withdrawal of her request for injunctive relief. (Doc. 13). The magistrate judge granted the supplement. (Doc. 14). Though he could have done so, the magistrate judge did not recommend dismissal of this action. Instead, he entered an Order for Special Report ("OSR") and directed the defendant to address the following:

> The plaintiff complains the defendant failed to hire and train its subordinates, who refuse to diagnose and treat her symptoms of obstructive sleep apnea.[1]
>
>> [1] Although the plaintiff frames her allegations in constitutional terms, the undersigned construes the allegations as attempting to state a claim actionable under 28 U.S.C. § 1346(b).

(Doc. 14 at 3). The plaintiff responded by opposing the construal of her claims as actionable under § 1346(b) and proclaiming that the "construal is flagrantly detrimental and . . . sabotage[s] her claims against the Public Health Service (PHS)." (Doc. 16 at 2). She stated that "[t]he plain

5

The plaintiff further complains that the magistrate judge abused his discretion when he withdrew the Order for Special Report ("OSR") five months after its entry date and without a response by the defendant. (Doc. 20 at 14). However, the plaintiff objected to the OSR, argued that the magistrate judge's construal of her claims amounted to sabotage, and demanded to pursue *Bivens*-type claims. (*See supra* n. 3). Because "the party who brings a suit is master to decide what law [s]he will rely upon," *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913), the magistrate judge did not abuse his discretion when he withdrew the Order for Special Report without mandating the defendant's response. To the extent the plaintiff utilizes the word "negligence" in her objections and points out that a state law claim can be pursued against the defendant under the Alabama Medical Liability Act, her objections are **OVERRULED**. (Doc. 20 at 3-7) (citing Ala. Code § 6-5-540, *et. seq.* (1975)). As previously stated, the plaintiff refused to comply with the magistrate judge's order to amend her complaint and set forth a recognizable claim under the FTCA, and she objected to the magistrate judge's Order for Special Report. For these reasons, the court will not allow the plaintiff to raise new claims in her objections that she refused to raise in an amended complaint.

---

language of 28 U.S.C. § 2679(b)(2)(A) and (d)(1) of the FTCA explicitly preserves the right to bring *Bivens*-type claims." (*Id.* at 4).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections to it, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** the recommendation. Therefore, in accordance with 28 U.S.C. § 1915A(b), this action is dismissed without prejudice for lack of subject-matter jurisdiction.

A Final Judgment will be entered.

**DONE** and **ORDERED** this 18th day of February, 2021.

**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE